CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 OCT -1  AM 11: 07

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO. 1:15-CR-00037-P-BL-1 |
| | § § § | |
| MICHELLE ROBSHAW | § | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

**MICHELLE ROBSHAW,** by consent, under authority of United States v. Dees, 125 F.3d 261 (5th Cir. 1997), has appeared before me pursuant to Fed. R. Crim. P. 11, and has entered a plea of guilty to the Indictment. After cautioning and examining **MICHELLE ROBSHAW,** under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted and that **MICHELLE ROBSHAW,** be adjudged guilty and have sentence imposed accordingly.

Date: October 1, 2015.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. §636(b)(1)(B).

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 OCT -1 AM 8:39
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:15-CR-037-P |
| MICHELLE ROSE ROBSHAW | |

## PLEA AGREEMENT

Michelle Rose Robshaw, defendant, Charles Scarborough, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant:** Robshaw understands that she has the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Robshaw waives these rights and pleads guilty to the offense alleged in count one of the indictment filed herein, charging a violation of 18 U.S.C. §§ 1029(a)(3) and 2, that is, Fraud in Connection with Access Devices and Aiding and Abetting. Robshaw understands the nature and elements of

Michelle Rose Robshaw
Plea Agreement - Page 1

the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

    3.    **Sentence:** The maximum penalty the Court can impose includes:

- a. imprisonment for a period not to exceed ten (10) years;
- b. a fine not to exceed $250,000.00;
- c. a term of supervised release of not more than three years, which follows a term of imprisonment. If Robshaw violates the conditions of supervised release, she could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;
- d. a mandatory special assessment of $100.00;
- e. restitution to victims or to the community, which may be mandatory under the law, and which Robshaw agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
- f. costs of incarceration and supervision; and
- g. forfeiture of property.

    4.    **Court's sentencing discretion and role of the Guidelines:** Robshaw understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines, as well as the factors contained in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the application of the advisory guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if his sentence is higher than expected. The

defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely based in the discretion of the Court.

5.  **Mandatory special assessment**: Robshaw agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**: Robshaw shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy her full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particular, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement**: The government will not bring any additional charges against Robshaw based upon the conduct underlying and related to Robshaw's plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Offices for the Northern District of Texas and does not bind any other

federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Robshaw or any property.

9. **Violation of agreement**:  Robshaw understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10. **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**:  The defendant waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  She further waives her right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence

Michelle Rose Robshaw
Plea Agreement - Page 5

exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Robshaw has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation.  The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement.  Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this __14__ day of __September__, 2015.

                                                 JOHN R. PARKER
                                               UNITED STATES ATTORNEY

_/s/ Michelle Robshaw_                         _/s/ Juanita Fielden_
MICHELLE ROSE ROBSHAW        MYRIA BOEHM
Defendant                                    Assistant United States Attorney
                                               Texas State Bar No. 24069949
                                               1205 Texas Ave., Suite 700
                                               Lubbock, Texas   79401
                                               Telephone:   806-472-7351
                                               Facsimile:   806-472-7394
                                               E-Mail:         myria.boehm@usdoj.gov

_/s/ Charles Scarborough_                   _/s/ Juanita Fielden_
CHARLES SCARBOROUGH          DENISE WILLIAMS
Attorney for Defendant                     Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to plead guilty.

_____*Michelle Robshaw*_____          _____9-14-15_____
MICHELLE ROSE ROBSHAW                               Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter a plea of guilty is an informed and voluntary one.

_____*Charles Scarborough*_____          _____9-14-15_____
CHARLES SCARBOROUGH                                  Date
Attorney for Defendant

Michelle Rose Robshaw
Plea Agreement - Page 8